IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRIFFIN STREET MANAGEMENT, INC., and LEON A. ZENO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-2798-N |
| STATE FARM LLOYDS and TRENTON L. BELLAR, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiffs Griffin Street Management, Inc. and Leon A. Zeno's (collectively, "Plaintiffs") motion to remand [10].[1] For the reasons below, the Court grants the motion.

## I. THE INSURANCE DISPUTE

This dispute is based on an insurance claim made by Plaintiffs, a property management company and its president, for storm damage occurring in November 2015 to a commercial building in Dallas, Texas. Orig. Pet. 3–4 [1.5]. Plaintiffs filed a claim under their policy, issued by Defendant State Farm Lloyds ("State Farm"), and State Farm assigned Defendant Trenton L. Bellar ("Bellar") as the claim adjustor. *Id.* Bellar's inspection and estimate was substantially lower than the estimate provided by Plaintiffs' independent estimator. *Id.* at 5–7. Plaintiffs subsequently filed suit in state court, alleging

---

[1] Shortly after the motion to remand was briefed, this case was abated by agreement while the parties undertook a lengthy appraisal process. January 26, 2018 Order [24].

MEMORANDUM OPINION AND ORDER – PAGE 1

a breach of contract claim against State Farm and Texas Insurance Code and Deceptive Trade Practices Act ("DTPA") claims against both State Farm and Bellar. *Id.* at 7–8. On October 12, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction, claiming that Bellar, the non-diverse defendant, was improperly joined.

## II. REMAND LEGAL STANDARD

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441. To remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity jurisdiction. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). When diversity jurisdiction is claimed, the doctrine of improper joinder allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Casualty Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)).

Improper joinder may be established if a defendant shows that there is no possibility the plaintiff could establish a claim against the defendant. *Smallwood*, 385 F.3d at 573. If the plaintiff's pleadings are sufficient to state a claim under the federal Rule 12(b)(6) plausibility standard, there is a reasonable basis to predict that the plaintiff could recover, and joinder is proper. *Id.*; *Int'l Energy Ventures Mgt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–02 (5th Cir. 2016). Courts evaluating a plaintiff's pleadings in an improper joinder inquiry will "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford*, 491 F.3d 278, 281 (5th Cir. 2007).

MEMORANDUM OPINION AND ORDER – PAGE 2

Defendant bears the "heavy burden" of establishing improper joinder, *Smallwood*, 385 F.3d at 576, and "any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

### III. DEFENDANT BELLAR IS PROPERLY JOINED

### A. *Insurance Adjusters Are Independently Liable Under the Texas Insurance Code*

Here, Defendants' primary argument against remand is that Plaintiffs have not stated an Insurance Code claim against Bellar independent from their claims against State Farm. Defendants claim that even if Bellar violated the Texas Insurance Code, Plaintiffs have an actionable claim only if his violation caused an injury separate from the damages sought from State Farm under the policy. The Court disagrees.

In support of their argument, Defendants rely on a state appellate court case, which states that "absent a contractual relationship between the insured and the adjuster, the adjuster could not be liable to the insured for improper investigation and settlement advice." *Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 937 (Tex. App. — Dallas 2007, no pet.). This case is inconsistent with caselaw from the Texas Supreme Court and Fifth Circuit, however, which this Court is bound to follow. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, (Tex. 1998);[2] *see also McAllen Holiday LLP v. Scottsdale Ins. Co.*,

---

[2] Both *Liberty Mutual* and *Gasch* address Article 21.21, which was recodified as Chapter 541. *Gasch*, 491 F.3d at 280 n.2 ("Article 21.21 has been repealed and the relevant portions of section 16 are now codified at section 541.060 of the Texas Insurance Code. As the codification occurred after the filing of this case and the legal standards have not changed, we reference Article 21.21, as do the parties.").

MEMORANDUM OPINION AND ORDER – PAGE 3

2012 WL 12946355, at *4 (S.D. Tex. 2012) (rejecting *Crocker* as incompatible with *Liberty Mutual* and *Gasch*). The Texas Supreme Court has expressly stated that plaintiffs may bring independent causes of action under Chapter 541 against insurance company employees, provided that the employee is "engaged in the business of insurance" and is not a clerical worker without "insurance expertise." *Liberty Mutual Ins. Co.*, 966 S.W.2d at 486. The Fifth Circuit has interpreted the Texas Insurance Code, as expounded by *Liberty Mutual*, to authorize actions against insurance adjusters like Bellar. *Gasch*, 491 F.3d at (determining adjustors are "engaged in the business of insurance" and "may be held individually liable" for insurance code violations) (quoting *Liberty Mutual Ins. Co.*, 966 S.W.2d at 486). Neither of these cases require that an adjuster's insurance code violation cause injury and damages separate from those alleged against an insurance company.

Further, federal district courts in Texas have repeatedly remanded cases where Chapter 541 claims were properly pled against insurance adjusters.[3] *Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, 2017 WL 4548319, at *3 (N.D. Tex. 2017) ("Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(2), because the adjuster has the ability to effect or bring about the settlement of a claim."); *see also Denley*

---

[3] Defendants cite two cases from this Court for the proposition that Plaintiffs have an actionable claim only if Bellar's violation caused injury separate from State Farm's obligations under the policy. *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *2–*4 (N.D. Tex. 2013); *Dougherty v. State Farm Lloyds*, 2001 WL 1041817, at *2 n.1. Neither case states such a rule. Rather, in both these cases remand was denied because the plaintiffs did not allege independent actions taken by the adjusters or even attempt to serve process on the adjusters. *DeCluette*, 2013 WL 607320, at *3; *Dougherty*, 2001 WL 1041817, at *2.

MEMORANDUM OPINION AND ORDER – PAGE 4

*Grp, LLC v. Safeco Ins. Co.*, 2015 WL 5836226, at \*3–\*4 (N.D. Tex. 2015); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, at \*4 (N.D. Tex. 2014).  In keeping with this line of precedent, the Court holds that insurance adjusters may be individually liable under the Texas Insurance Code, even if their conduct contributed to the same damages allegedly caused in part by another defendant's conduct.

### B.  Plaintiffs Have Stated a Chapter 541 Claim Against Bellar

The Court also determines that Plaintiffs have adequately pled an insurance code claim against Bellar under federal pleading standards.  Among other claims, Plaintiffs allege a claim for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement," despite clear liability under the policy.  Tex. Ins. Code § 541.060(a)(2)(A).  In support, the petition claims that Bellar "conducted a substandard inspection" by spending an inadequate time assessing damage and omitting or undervaluing most of Plaintiffs' covered damages.  Orig. Pet. 5 [1.5].  Specifically, Plaintiffs allege that Bellar "underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of Plaintiffs' loss under the policy."  *Id.* at 6.  The petition also states "Bellar concluded that the Property's roof had sustained minor damage" and "recommended 1.00 SQ of minor repairs to the rubber roofing and failed to recommend the removal and replacement of roof components/fixtures."  *Id.* at 5.  Bellar allegedly made this assessment "despite plainly visible damage on the roof, and interior water damage that indicated a substantially compromised roof."  *Id.*  Plaintiffs elaborate that "Bellar applied patently excessive depreciation (in some instances, nearly 70% depreciation was applied)

MEMORANDUM OPINION AND ORDER – PAGE 5

to items in his estimate, without sufficient annotations or notes regarding the age, condition, or wear of items to which he was applying depreciation." *Id.* In contrast, Plaintiffs allege that their independent estimator and independent engineer both concluded that over half the roof sustained extensive damage, requiring complete replacement and estimating repair damages of $30,890.84 with total property damages of $228,227.58 — significantly larger totals than the $14,557.52 in damages that Bellar allegedly represented to them. *Id.* at 4–6.

The petition also states that Bellar represented to Plaintiff Zeno that the "majority of the water damage to the interior of your office building's remaining suites was not the result of direct physical loss to the roof surface […] and will not be covered." *Id.* at 5. Plaintiffs claim this information was false and that "Bellar sought to use his superior knowledge, ability, experience, and/or capacity to a grossly unfair degree to mislead Plaintiffs into believing that their covered damages were, in fact, not covered." *Id.* Bellar's investigation and estimate were allegedly relied upon by State Farm and led to Plaintiffs' claim being "improperly adjusted and underpaid." *Id.* at 6.

This is adequate to state a Chapter 541 claim. *See Arrow Bolt & Elec., Inc.*, 2017 WL 4548319, at *2; *Exchange Servs., Inc. v. Seneca Ins. Co., Inc.*, 2015 WL 6163383, at *5–*6 (N.D. Tex. 2015). Defendants make no effort to distinguish the numerous cases Plaintiffs cite from this district and instead cite *Carrillo Funeral Directors, Inc. v. Ohio Security Insurance Company* for the proposition that State Farm's subsequent evaluation of the property means that Plaintiffs cannot state a claim against Bellar. 2017 WL 5070376, at *3–*4 (N.D. Tex. 2017). *Carrillo* suggests nothing of the sort. In that case, the Court

MEMORANDUM OPINION AND ORDER – PAGE 6

held that the plaintiff made only conclusory allegations, had not stated that the insurer knew of the adjuster's opinion, and had not addressed other facts, such as the insurer's use of subsequent adjusters who did report to it.  *Id.*  Nothing in *Carrillo* states that an insurer's reevaluation of a claim using subsequent adjustors means that a plaintiff cannot plead a claim against the first adjuster or that the insurer relied on his report.

## CONCLUSION

Because Plaintiffs have alleged sufficient facts to plausibly state a Chapter 541 claim against Bellar, the parties are not completely diverse.  The Court thus lacks subject matter jurisdiction and accordingly remands this case to the 134th Judicial District Court of Dallas County, Texas.

Signed May 4, 2020.

David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7